UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MUNCHKIN, INC., et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:08CV00367 ERW |
| ) | |
| FRUMINATOR, INC., ) | |
| ) | |
| Defendant(s). ) | |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss, Stay or Transfer Proceedings [doc. #15] and Defendant's Motion for Enlargement of Time to file an Answer [doc. #13].

## I. BACKGROUND

This action was filed on March 17, 2008 by Plaintiffs Munchkin, Inc. and Kim Laube & Co., Inc., seeking a declaratory judgment that Plaintiffs did not infringe Defendant FURminator's patent, and that Defendant's patent is invalid. Plaintiffs also allege inequitable conduct and fraud on the Patent and Trademark Office ("PTO"), injurious falsehood and product disparagement, tortious interference with economic relations, tortious interference with prospective economic advantage, defamation per se, common law unfair competition, unfair competition under the Lanham Act, Walker Process Claim, and that Defendant engaged in sham litigation. On April 25, 2008, Defendant filed the pending motion to dismiss, or in the alternative transfer or stay the case. Once the motion was fully brief, the Court heard oral arguments on June 17, 2008, and will now

1

address the pending motion. The Court will also address Defendant's motion for extension of time to file an answer.

Prior to Plaintiffs filing the pending action, Defendant filed an action alleging patent infringement in the Eastern District of Texas ("Texas court") on February 26, 2008 ("Texas action"). The Parties do not dispute that the claims alleged in this lawsuit are compulsory counterclaims in the Texas action, and were alleged as counterclaims by Plaintiffs in that action. Both lawsuits involve United States Patent 7,334,540 ("Porter 4 patent") which was issued February 26, 2008, the same date that the Texas suit was filed.

## II. DISCUSSION

Defendant argues that the first-to-file rule mandates dismissal or transfer, or in the alternative, that the Court should stay the action pending a ruling by the Eastern District of Texas on Plaintiffs' motion to transfer, filed in that court. Plaintiffs respond that the first-to-file rule is inapplicable in this case, because Defendant's choice of forum was improperly based on forum shopping. Additionally, Plaintiffs argue that staying this action pending a decision by the Texas court will only serve to delay the resolution of the case.

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993). While recognizing this general rule, the Eighth Circuit further held that "[t]he rule . . . yields to the interests of justice, and will not be applied where a court finds 'compelling circumstances' supporting its abrogation." *Id.* (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)). The Federal Circuit, in *Greentech, Inc. v. Eli Lilly and Co.*, held that "the trial court's

2

discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served." 998 F.2d 931, 938 (Fed. Cir. 1993). The Federal Circuit gives example of sound reasons why it would be improper to continue the first filed action: "Such reason may be the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Id.*

In the present action, the Court notes that Defendant corporation is incorporated in the state of Missouri, and has its principle place of business in the Eastern District of Missouri. Furthermore, as stated by Plaintiffs during the hearing, and not disputed by Defendant, the majority of relevant witnesses and evidence is located in the Eastern District of Missouri, in the employment of, or in the possession of, the Defendant corporation. In deciding a motion to transfer, this court has held that "[c]onvenience of the witnesses is a primary, if not the most important, factor . . . ." *Biometics, LLC v. Womyn, Inc.*, 112 F.Supp.2d 869, 876 (E. D. Mo. 2000). As well as the witnesses located in Missouri, the convenience of the out-of-state witnesses also favors jurisdiction in Missouri, as St. Louis is easily accessible and centrally located.[1] Finally, the Court emphasizes the significance of this being the Defendant's home jurisdiction, and the jurisdiction where Defendant has filed three prior patent enforcement lawsuits involving the same invention.[2] Again, in the context of a motion to transfer, this court held that while a plaintiff's

---

[1] The Court takes note of Plaintiffs' argument during the hearing that the Eastern District of Texas is located in Marshall, Texas, to which the closest airport is Shreveport, Louisiana. Shreveport is not a major hub for airlines, and therefore is not easily accessible, by either the witnesses located in Missouri or those elsewhere in the United States.

[2] The prior lawsuits are not still pending, and therefore the possibility of consolidation is not a factor that this Court considers. However, the fact that the prior lawsuits, involving the same invention, were filed in this jurisdiction further emphasizes the convenience of this forum for the Defendant.

choice of forum is generally given "considerable deference[,] . . . [t]he plaintiff's choice of forum is accorded less weight . . . where it is not the plaintiff's residence." *Biometics, LLC*, 112 F.Supp.2d at 877. The Texas court is not the Defendant's home residence, and therefore, the Defendant's decision to file in that district is entitled to less weight than is customary. Therefore, the Court concludes that it is appropriate to continue the present action, and not dismiss or transfer the case, irrespective of the ongoing litigation in the Texas court.

In the alternative, Defendant suggests that the Court stay this proceeding pending a decision by the Texas court on Plaintiffs' motion to transfer, filed with that court. Plaintiffs stated, during oral arguments on this motion, that a seven month wait can be expected for a ruling on that motion, and Defendant did not dispute this assessment. Due to the considerable delay that will result in staying the pending action, the Court concludes that a stay is not appropriate.

## III. CONCLUSION

The Court concludes that this is not a case where the first-to-file rule is applicable. Defendant has not presented any compelling reason why the case was filed in the Texas court, when its home forum is the Eastern District of Missouri. To the contrary, the Plaintiffs have provided the Court with numerous reasons why this Court is the appropriate forum. Defendant's motion to dismiss or transfer is therefore denied. Additionally, the Court denies Defendant's alternative request to stay the pending action, as such a delay in proceeding with the case is unnecessary. The Court will proceed with this case, and in the event that the Texas court denies the motion to transfer, the Court can further address any issue of parallel litigation at that time.

Defendant also filed a motion to extend the time to file an answer, pending a decision by this Court on Defendant's Motion to Dismiss, Stay or Transfer. The Court has now ruled on

Defendant's Motion to Dismiss, Stay or Transfer, and therefore, Defendant shall file an answer within twenty (20) days of the date of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Stay or Transfer Proceedings [doc. #14] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to File Answer [doc. #13] is **GRANTED.** Defendant's shall have twenty (20) days from the date of this order to file an answer.

Dated this 18th Day of June, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE