UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MUNCHKIN, INC., and | ) | |
| KIM LAUBE & CO., INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV00367 ERW |
| | ) | |
| FURMINATOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Munchkin, Inc.'s Motion for Leave to Amend Response to Defendant's Request for Admission No. 14 [doc. #34]. A hearing was held on November 4, 2008, and the Court heard arguments from the parties on the pending Motion.

Plaintiff asks that the Court grant leave to amend its response to Defendant's Request for Admission No. 14, which requested that Plaintiff "[a]dmit that a FurBuster™ pet grooming tool removes loose hair from a pet without cutting." Initially, Plaintiff made this admission, subject to some minor objections. However, upon further investigation after the admission was made, Plaintiff determined that the tool does not actually remove hair without cutting. Plaintiff now seeks to amend its response to reflect this change.

The Court begins by noting that it is not presented with an issue of attorney error. Rather, this is a situation in which a company discovered, through its practices, that its advertisements did not accurately represent the functionality of the device. Thus, this case is different than most other cases involving an amendment to a response to a request for admission.

Federal Rule of Civil Procedure 36(b) provides the standard to be used in determining whether a party can change a previous response to an admission: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed.R.Civ.P. 36(b). This two-prong test requires the Court to consider both the "effect upon the litigation and prejudice to the resisting party." *Fed. Deposit Ins. Corp. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). This test does not require the Court to look at the moving party's excuse for failing to respond, or for an erroneous admission. *Id.*

The Eighth Circuit has established that "[t]he first prong of the test requires [the Court] to consider whether permitting the amendment would have subserved the presentation of the merits of the [present] action." *Prusia*, 18 F.3d at 640. Courts, when applying this first prong, have stated that the prong "is satisfied when upholding the admissions *would practically eliminate any presentation of the merits* of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995) (emphasis added); *see also Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002); *Riley v. Kurtz*, 194 F.3d 1313, at *3 (6th Cir. 1999) (Table Opinion). Further, upon review of numerous cases, from both within this District and outside of it, it appears that courts tend to grant leave to amend only when mistaken admissions would otherwise render a consideration of the merits unnecessary and effectively end the case. *See Perez*, 297 F.3d at 1266 ("Deeming this element admitted took the wind out of defendants' sails and effectively ended the litigation."); *Hadley*, 45 F.3d at 1348 ("[A] denial of Hadley's motion to withdraw the admissions would eliminate a determination on the merits."); *Bryant v. Laiko Int'l Co.*, 2006 WL 2788520 (E.D. Mo. 2006) (if the court denies the plaintiff's motion to amend, "the merits of the case will

never be reached"); *Davis v. Noufal*, 142 F.R.D. 258, 259 (D. D.C. 1992) ("[A]llowing the admissions to stand would block any consideration of the merits.").[1]

In this case, Plaintiff completed research, which could have been completed prior to the filing of its response, and discovered that the product it had been marketing as a non-cutting tool did, in fact, cut pet hair. The issue of whether the tool works with or without cutting is an important issue, but not a dispositive issue. Plaintiff's admission that the tool works without cutting is not an admission of liability, it does not automatically render a consideration of the merits unnecessary, nor does it effectively end the case. Plaintiff can still demonstrate that it did not infringe Defendant's patent and prevail in its lawsuit, even with the admission that the tool works without cutting. Thus, it cannot be said that upholding Plaintiff's admission would practically eliminate any presentation of the merits of this case.

The Court finds that Plaintiff cannot meet the first prong of the Federal Rule of Civil Procedure 36(b) test, requiring proof that the amendment would promote the presentation of the merits of this claim. This finding alone is sufficient to deny Plaintiff's Motion for Leave to Amend

---

[1] It should also be noted that a vast majority of the cases involving an amendment to a response to a request for admission are cases in which the party seeking leave to amend failed to timely file its responses. *See Raiser v. Utah County*, 409 F.3d 1243 (10th Cir. 2005); *Perez v. Miami-Dade County*, 297 F.3d 1255 (11th Cir. 2002); *Hadley v. United States*, 45 F.3d 1345 (9th Cir. 1995); *Bryant v. Laiko Int'l Co.*, 2006 WL 2788520 (E.D. Mo. 2006); *Printy v. Crochet & Borel Servs.*, 196 F.R.D. 46 (E.D. Tex. 2000); *Davis v. Noufal*, 142 F.R.D. 258 (D. D.C. 1992). In such a situation, all requests for admissions are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a), including those that involve a material fact in the case. Obviously, there is no need to conduct a trial on the merits if the opposing party has already admitted all of the material facts. As a result, when a party fails to respond to a request for admissions, it is common for the court to allow that party to "amend" the response and provide proper answers. The only other cases located by this Court in which leave to amend was granted involved clarifications or clerical errors. *See Kaminski v. First Union Corp.*, 2000 WL 1137300, at *1 (E.D. Pa. 2000) (typographical errors); *Ryan v. Berwick Indus.*, 30 F. Supp. 2d 834, 837-38 (M.D. Pa. 1998) (clarification).

Response to Defendant's Request for Admission No. 14.  As a result, the Court will not consider the second prong of the Rule 36(b) test regarding prejudice to Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Munchkin, Inc.'s Motion for Leave to Amend Response to Defendant's Request for Admission No. 14 [doc. #34] is **DENIED**.

Dated this 6th Day of November, 2008.

                                                                  _____
                                                                  E. RICHARD WEBBER
                                                                  UNITED STATES DISTRICT JUDGE