UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., and <br> PORTERVISION, INC., <br>     Plaintiffs, <br><br> vs. <br><br> MUNCHKIN, INC., and <br> KIM LAUBE & CO., INC., <br>     Defendants. | Case No. 4:08CV00367 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Joint Motion for Protective Order [doc. #74]. A hearing was held on April 30, 2009, and the Court heard arguments from the Parties on this Motion.

Defendants seek a protective order, limiting the matters for examination. Specifically, Defendants object to holding the depositions of their corporate representatives in St. Louis, when they are based in California. Defendants also object to the scope of Plaintiffs' 30(b)(6) notices, arguing that they are not limited to topics that are reasonably calculated to lead to discovery of admissible evidence in this case.

Protective orders may be ordered pursuant to Fed. R. Civ. P. 26(c), upon a showing of good cause. "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection in required.'" *Misc. Docket Matter No. 1. v. Misc. Docket Matter No. 2*, 197

F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)) (alterations in original).

I. **LOCATION OF DEPOSITIONS**

Defendants first seek a protective order requiring that all depositions of Defendants' officers, directors, representatives, agents, and employees take place at their principal places of business, or in the vicinity thereof. Plaintiffs have sought to hold the Rule 30(b)(6) depositions of Defendants' representatives in St. Louis, however Defendants are based in Los Angeles, California.

"'The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. This is subject to modification, however, when justice requires.'" *Mapes v. Wellington Capital Group*, 2008 WL 624471, at *4 (D. Neb. 2008) (quoting Wright, et al., Federal Practice & Procedure § 2112); *see also Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999). The Court finds that the depositions of Defendants' officers, directors, representatives, agents, and employees should take place in Los Angeles, California, at their principal places of business, or in the vicinity thereof. This decision is consistent with this Court's realignment of the case. Further, it is likely that the representatives would need access to records and other documents during the course of the deposition. Conducting the deposition in Los Angeles will reduce the possibility that additional depositions would be necessary. Thus, Defendants' Motion for Protective Order is granted on this point.

## II. SCOPE OF 30(b)(6) NOTICES

### A. GROOMING/DE-SHEDDING COMB

Defendants seek to prohibit Plaintiffs from engaging in discovery with respect to the Munchkin Grooming/De-Shedding Comb. The Parties have resolved disputes regarding topics 1, 2, 43, and 44 in Furminator's Notice of Federal Rule 30(b)(6) Deposition Directed to Munchkin, Inc. ("Munchkin Notice"). Thus, disputes regarding the Munchkin Grooming/De-Shedding Comb only remain with respect to Munchkin Notice topics 3, 4, 75-77, 79, 80, 83, and 85.

The Court is persuaded that there are relevant secondary considerations and issues of non-obviousness involved in this case with respect to the Munchkin Grooming/De-Shedding Comb. Thus, the Court finds that discovery into the Munchkin Grooming/De-Shedding Comb is proper. Defendants' Motion for Protective Order is denied on this point.

### B. U.S. PATENT NUMBER 6,955,137

In Munchkin Notice topic 9, Plaintiffs request that Defendant Munchkin prepare a corporate representative on U.S. Patent Number 6,955,137 ("the '137 Patent"), a patent issued to Steven Dunn, the Chairman and CEO of Munchkin, Inc. Defendants object to this request and seek a protective order prohibiting related discovery. Defendants have persuaded this Court that any issues regarding the '137 Patent are irrelevant to the claims before the Court. Thus, Defendants' Motion for Protective Order is granted on this point.

### C. KNOWLEDGE OF OPINIONS OF COUNSEL

Defendants also seek a protective order with respect to Plaintiff's request for discovery regarding Defendants' knowledge of any opinions of counsel regarding the invalidity or non-infringement of patents not involved in this lawsuit. Such information is the subject of Munchkin

Notice topics 24 and 47 and topics 23 and 45 in Furminator's Notice of Federal Rule 30(b)(6) Deposition Directed to Kim Laube & Co., Inc. ("Laube Notice"). The Court finds that any knowledge of Plaintiffs of opinions of counsel regarding non-asserted patents is irrelevant to this case. Further the Court finds that disclosure of such information would be unduly burdensome and might lead to a mini-trial regarding irrelevant issues. Thus, Defendants' Motion for Protective Order is granted on this point. However, the protective order does not apply to the obligation of Defendants to produce any witnesses who have knowledge of the opinions of counsel with respect to U.S. Patent Number 7,334,540 ("the '540 Patent").

### D. TOPICS REQUIRING LEGAL CONCLUSIONS

Defendants seek a protective order with respect to the deposition topics identified by Plaintiffs that Defendants claim require legal conclusions or expert testimony. The Parties have resolved their disputes regarding Munchkin Notice topic 69 and Laube Notice topic 70, however there still remains a dispute with respect to Munchkin Notice topics 10-21, 61-65, 67 and 68, and Laube Notice topics 9-20, 62-66, 68 and 69. In order to resolve this dispute, the Court reviewed each interrogatory and request for admission to determine if they seek factual information or a legal conclusion.

The Court finds that the following interrogatories directed to Munchkin, Inc. are proper subjects for 30(b)(6) inquiry: 2.1-2.6, 3.1-3.2 (only as to identification of the "relevant market"), 4.1-4.9, 5, 6, 7, 8, 9.1-9.2, 13.1-13.2, 14.1-14.3, 15.1-15.2, and 16.1-16.3. The Court finds that the following interrogatories directed to Kim Laube & Co., Inc. are proper subjects for 30(6)(6) inquiry: 2.1-2.6, 3.1-3.2 (only as to identification of the "relevant market"), 4.1-4.9, 5, 6, 7, 8, 9.1-9.2, 13.1-13.2, 14.1-14.3, 15.1-15.2, 16.1-16.3, and 17. The Court finds that the following

requests for admissions directed to Munchkin, Inc. are proper subjects for 30(b)(6) inquiry: 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44.  The Court finds that the following requests for admissions directed to Kim Laube & Co., Inc. are proper subjects for 30(b)(6) inquiry: 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 33, 34, 35, 36, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, and 54.  Defendants' Motion for Protective Order is denied as to these interrogatories and requests for admission.

The Court finds that the following interrogatories directed to Munchkin, Inc. call for a legal conclusion or expert witness testimony: 1, 3.1-3.2 (only as to how FURminator's conduct has a "dangerous probability of achieving monopoly power"), 10.1-10.2, 11.1-11.4, and 12.1-12.4.  The Court finds that the following interrogatories directed to Kim Laube & Co., Inc. call for a legal conclusion or expert witness testimony: 1, 3.1-3.2 (only as to how FURminator's conduct has a "dangerous probability of achieving monopoly power"), 10.1-10.2, 11.1-11.4, and 12.1-12.4.  The Court finds that the following requests for admission directed to Munchkin, Inc. call for a legal conclusion or expert witness testimony: 1, 2, 3, 4, 5, 6, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32.  The Court finds that the following requests for admission directed to Kim Laube & Co., Inc. call for a legal conclusion or expert witness testimony: 1, 2, 3, 4, 5, 6, 24, 25, 26, 27, 28, 29, 30, 31, 32, 37, 38, 39, 40, 41, and 42.  Defendants' Motion for Protective Order is granted as to these interrogatories and requests for admission.

The Court notes that any ruling herein only relates to the obligation of 30(b)(6) witnesses to answer questions.  No ruling the Court makes bears upon any other objection, nor does any ruling, at this time, suggest that any answer already given is improper.

5

### E.     WWW.DESHEDDING.COM

Finally, Defendants seek to preclude Plaintiffs from inquiring into Munchkin's acquisition of the domain name www.deshedding.com (Munchkin Notice topic 87). The Court finds that inquiry into this subject will not lead to admissible evidence. Therefore, Defendants' Motion for Protective Order is granted on this point.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion for Protective Order [doc. #74] is **GRANTED, in part**, and **DENIED, in part**. The Court hereby enters the following protective order:

1. The depositions of Defendants' officers, directors, representatives, agents, and employees should take place in Los Angeles, California, at their principal places of business, or in the vicinity thereof.

2. Plaintiffs are prohibited from inquiring into issues related to U.S. Patent Number 6,955,137 and prior art cited or not cited therein (Munchkin Notice topic 9).

3. Plaintiffs are prohibited from inquiring into the knowledge of Defendants of opinions of counsel regarding the invalidity or non-infringement of patents not involved in this lawsuit (Munchkin Notice topics 24 and 47; Laube Notice topics 23 and 45). This Protective Order does NOT affect the obligation of Defendants to produce any witnesses who have knowledge of the opinions of counsel regarding the '540 Patent.

4. Plaintiffs are prohibited from inquiring into the interrogatories and requests for admissions directed to Munchkin, Inc. and Kim Laube & Co., Inc. that call for a

legal conclusion or expert witness testimony, as set forth above (Munchkin Notice topics 10-21, 61-65, 67 and 68, and Laube Notice topics 9-20, 62-66, 68 and 69).

5. Plaintiffs are prohibited from inquiring into Munchkin's acquisition of the domain name www.deshedding.com (Munchkin Notice topic 87).

Dated this 1st Day of May, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE