UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., and ) | |
| PORTERVISION, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00367 ERW |
| ) | |
| MUNCHKIN, INC., and ) | |
| KIM LAUBE & CO., INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Enjoin Munchkin and Laube from Proceeding in the Duplicative California Action and for Expedited Briefing and Oral Hearing [doc. #157]. The Court ordered expedited briefing, as requested by Plaintiffs, and an oral hearing in this matter was held on September 4, 2009.

**I.  BACKGROUND**

FURminator, Inc. and PorterVision, Inc. (collectively, "Plaintiffs") filed a lawsuit on February 26, 2008, in the United States District Court for the Eastern District of Texas, against Munchkin, Inc. and Kim Laube & Co., Inc. (collectively, "Defendants"). This lawsuit was based on Defendants' infringement of U.S. Patent 7,334,540 ("the '540 Patent"). On March 17, 2008, Defendants filed the present lawsuit in the Eastern District of Missouri, asserting claims similar to counterclaims asserted in the Texas case. Approximately one year later, the Texas court ordered that its action be transferred to the Eastern District of Missouri. Upon receipt of the transferred action, and upon a consent motion by all Parties, the Court consolidated the transferred case with

the pre-existing case and the Parties were realigned. The Parties are currently in the discovery phase.

On June 18, 2009, Defendants filed an action against Plaintiffs in the United States District Court for the Central District of California. In this action, Defendants, in part, seek a declaratory judgment regarding the validity of the patents in the FURminator Family of Patents, including the '540 Patent. Plaintiffs filed a Motion to Dismiss, Stay or Transfer in the California case, but the Motion was denied by the California court. Plaintiffs now seek an Order from this Court, enjoining Defendants from proceeding in the California case.

## II. LEGAL STANDARD

"The discretionary power of the federal court in which the first-filed action is pending to enjoin the parties from proceeding with a later-filed action in another federal court is firmly established." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir. 1993) (citing *Minn. Mining & Mfg. Co. v. Rynne*, 661 F.2d 722 (8th Cir. 1981) (per curiam)); *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1950). The general rule is that the forum of the first-filed case is given priority over the forum of a later-filed case, "unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). While courts generally follow this so-called "first-filed rule," it is not intended to be a "'rigid mechanical solution[]' to questions of forum." *Id.* at 938 (quoting *Kerotest*, 342 U.S. at 183).

The Federal Circuit has established that "injunctions arbitrating between co-pending patent declaratory judgment and infringement cases in different district courts are reviewed under the law

of the Federal Circuit." *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1330 (Fed. Cir. 2004). Application of the first-filed rule only becomes an issue when there is "parallel litigation" pending in two different courts. Federal Circuit case law regarding what constitutes "parallel litigation" is not entirely clear, specifically when it comes to whether the issues and parties involved in the two cases have to be the same or whether they need only be similar. For example, within one paragraph of a Federal Circuit opinion, the court states that it "may enjoin parties under its jurisdiction from proceeding with a concurrent action involving the same *or related* issues" and that it "must determine whether both actions involve *the same* parties and issues." *In re Van Geuns*, 946 F.2d 845, 849 (Fed. Cir. 1991). Various courts have addressed this issue, and it appears that generally, two cases are considered to be "parallel" when they involve essentially identical or substantially similar parties and issues. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (requiring "nearly identical parties and issues" for the first-filed rule to apply); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("Suits are parallel if 'substantially the same parties litigate substantially the same issues in different forums.'" (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)); *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984) (first-filed rule applies "[w]here identical suits are pending in two courts"); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (considering whether there is a "likelihood of substantial overlap between the two suits").

## III. DISCUSSION

Although it is not clear from the existing case law precisely what qualifies as "parallel litigation" in the Federal Circuit, this Court believes that it is sufficient if the two cases are

3

substantially similar, such that there would be significant overlap. This interpretation seems consistent with the majority of other Circuits (according to case law cited above) and with the interpretation of other district courts that have addressed the first-filed rule in the context of a patent case. *See Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 774-75 (E.D. Tex. 2009) (patent case; noting that "[i]n determining whether to apply the 'first-to-file' rule, the court will determine: (1) whether the actions are so duplicative, or involve such substantially similar issues, that one court should decide both actions; and (2) which court should hear the case"). *But see Thales Airborne Sys. S.A. v. Universal Avionics Sys. Corp.*, 2006 WL 1749399, at *4 (D. Del. June 21, 2006) (noting that "co-pending patent infringement and declaratory judgment actions are those involving 'the same patents and the same parties.'") (quoting *Lab. Corp. of Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1328 (Fed. Cir. 2004)).[1]

The Court finds that the California action commenced by Defendants and the case pending in this Court qualify as parallel litigation because the cases involve substantially the same parties and substantially the same issues. The California action was brought by the Defendants in this case (Munchkin, Inc. and Kim Laube & Co., Inc.) against the Plaintiffs in this case (FURminator, Inc. and PorterVision, Inc.) and David and Angela Porter. The only people or entities that are involved in the California action that are not involved in the case in this Court are David and Angela Porter, the named inventors of the patents at issue and officers of PorterVision, Inc.

---

[1]Munchkin argues that the *Laboratory Corp. of America Holdings* case establishes that the first-filed rule does not apply unless the two cases involve the same patents and the same parties. 384 F.3d 1326, 1328 (Fed. Cir. 2004). This Court has reviewed that case and believes that Munchkin has taken a statement of the Federal Circuit out of context. It appears to this Court that the Federal Circuit was merely speaking generally about the concept of parallel litigation, and not stating the applicable law.

These additional parties appear to have little, if any, impact on the merits of either case. Neither David nor Angela Porter has an ownership interest in any of the FURminator patents. Additionally, it is not clear at this time whether David and Angela Porter are proper parties to the California litigation, as this is an issue that the California court has reserved for later decision.[2] Thus, the Court finds that the two cases involve substantially similar parties.

Additionally, the Court finds that the two cases involve substantially similar issues. Both the California case and the case pending in this Court involve the issue of the enforceability of the '540 Patent. The California case also involves a declaratory judgment claim regarding the enforceability of four other patents, in addition to the '540 Patent. However, the Court finds that the inclusion of these additional four patents in the California case does not mean that the issues presented are no longer substantially similar. All of the patents are from the same Patent Family and they all share the same specification; indeed, all of the patents at issue are apparently continuations of the initial patent, U.S. Patent 6,782,846. Thus, even though there are more patents at issue in the California case, the issues in that case and the case pending in this Court are still substantially similar.

Furthermore, the non-patent claims raised in the two cases are also substantially similar. Both cases involve allegations of tortious interference with economic relations, tortious interference with prospective economic advantage, defamation per se, and unfair competition. While the California action also includes a civil conspiracy claim and an unfair competition claim

---

[2]In determining that it would not dismiss the declaratory judgment claims at the time of the order, the California court noted: "The Court recognizes that each of Plaintiffs' claims for declaratory relief are improperly directed at all Defendants as currently pled. Although Plaintiffs should have crafted their Complaint with more particularity, each of the claims is proper against *at least one Defendant*." (Pls.' Ex. 2, doc. #158-3, p.3).

arising under the California Business and Professions Code, the same issues are implicated in the common law claims in the case pending in this Court.  Thus, the Court concludes that the two cases involve substantially similar issues, such that there would be significant overlap if both cases were to proceed.

Additionally, the Court finds that there are several additional reasons to exercise discretion to apply the first-filed rule.  Specifically, there is a distinct possibility that the California action will impact the proceedings in this Court, and significantly interfere with the timely disposition of this case.  The trial in this case is scheduled to commence in February of 2010, approximately five months from now, and the Court intends to abide by the schedule as it currently stands.  Moreover, the resulting delay to the California proceedings will not be significant.  If there are issues remaining in the California case after the resolution of the case in this Court, likely in early 2010, the Parties will be permitted to proceed with the action in the Central District of California.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enjoin Munchkin and Laube from Proceeding in the Duplicative California Action and for Expedited Briefing and Oral Hearing [doc. #157] is **GRANTED**.  Defendants Munchkin, Inc. and Kim Laube & Co., Inc. are enjoined at this time from proceeding further with their lawsuit against Plaintiffs FURminator, Inc. and PorterVision, Inc. filed in the United States District Court for the Central District of California (Case 2:09-CV-4393-RSWL-SS).

Dated this 10th Day of September, 2009.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE