UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FURMINATOR, INC., and )
PORTERVISION, INC., )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:08CV00367 ERW
 )
MUNCHKIN, INC., and )
KIM LAUBE & CO., INC., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on Consent Motion to Substitute Party and Realign the Parties [doc. #102]; FURminator's Motion to Compel Production from Expert Witness Kim Laube [doc. #115]; FURminator's Motion to Strike Newly Added References from Defendants' Prior Art for Preliminary Invalidity Contentions [doc. #121]; FURminator's Motion to Compel Production Regarding Legal Opinions [doc. #129]; FURminator's Motion to Strike the Supplemental Declaration of Kim Laube Regarding Invalidity [doc. #134]; and FURminator's Motion to Amend the Case Management Order with Respect to Additional Depositions [doc. #166]. The Court held a hearing on these pending Motions on September 30, 2009. Counsel for Plaintiffs and counsel for Defendants were present, and oral arguments were heard.

**I.    CONSENT MOTION TO SUBSTITUTE PARTY** [doc. #102]

Plaintiffs FURminator, Inc. and PorterVision, Inc. (collectively, "Plaintiffs") filed the pending Consent Motion to Substitute Party, requesting that the Court enter an Order aligning FURminator, Inc. as the only named plaintiff and counterclaim defendant, and aligning

PorterVision, Inc. as a third party defendant. Defendants Munchkin, Inc. and Kim Laube & Co., Inc. (collectively, "Defendants") do not object, but they request that, in conjunction with the realignment, either the Court should dismiss PorterVision, Inc.'s infringement claim with prejudice, or PorterVision, Inc. should execute a covenant not to sue Defendants for infringement of U.S. Patent 7,334,540 ("the '540 Patent").

PorterVision, Inc. no longer has an ownership interest in the '540 Patent, because it assigned all rights in that patent to FURminator, Inc. Accordingly, it is unnecessary to dismiss PorterVision, Inc.'s infringement claim with prejudice, or to require PorterVision, Inc. to execute a covenant not to sue. The Court will grant the Consent Motion, and Plaintiff PorterVision, Inc. will be dismissed from this case, without prejudice.

## II. MOTION TO COMPEL [doc. #115]

In this pending Motion to Compel, Plaintiffs seek an Order compelling Defendants to produce all documents that were considered by Defendants' expert Kim Laube, as required by Federal Rule of Civil Procedure 26(a)(2)(B).[1] Defendants have not produced the documents at issue because they claim that the attorney-client privilege and the work-product doctrine allow them to withhold production. Plaintiffs argue that when Defendants named Mr. Laube as an

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B) provides: "Unless otherwise stipulated or ordered by the court, this disclosure [of expert testimony] must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; (vi) a statement of the compensation to be paid for the study and testimony in the case."

2

expert, they waived their privileges with respect to all documents reviewed or relied on by Mr. Laube. Defendants assert that Rule 26(a)(2)(B) does not apply to Mr. Laube because he is an employee of Kim Laube & Co., Inc., and was not retained or employed specifically to provide expert testimony.

The Court initially notes that, with respect to Munchkin, Inc., it is clear that Mr. Laube is not an employee, and that he was retained specifically to provide expert testimony for Munchkin, Inc. As a result, the Rule 26(a)(2)(B) disclosure requirements apply and Defendants must disclose the data or other information that Mr. Laube considered in forming his expert opinion. This disclosure includes any and all documents that Defendants claim are privileged, because once materials are furnished to an expert to form an opinion, any claimed privileges as to those materials are waived. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001). Additionally, the data or other information that is subject to this disclosure is limited to that which is "sufficiently related to the ultimate expert report." *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545, 548 (E.D. Mo. 2002). If there is an ambiguity as to whether the data or other information informed the expert in making his report, the ambiguity should be resolved in favor of the party seeking the discovery, and the data or other information should be disclosed. *See id.*; *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 WL 181494, at *14 (D. Kan. 2002); *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of N.Y., Inc.*, 171 F.R.D. 57, 62 (S.D. N.Y. 1997).

Because Plaintiffs will receive the data or other information that Mr. Laube considered in forming his expert opinion due to his relationship with Munchkin, Inc., it is less important for this Court to determine whether Mr. Laube's employment relationship with Kim Laube & Co., Inc. affects Defendants' disclosure obligations with respect to Kim Laube & Co., Inc. However, the

Court will briefly address the issue nonetheless. Courts are split on the issue of whether the Rule 26(a)(2)(B) requirements apply to a party's employee who does not regularly provide expert testimony on behalf of his or her employer. The Northern District of Iowa recently provided a thorough summary of this split of authority in *Greenhaw v. City of Cedar Rapids, Iowa*, 255 F.R.D. 484, 486-88 (N.D. Iowa 2009) (noting that "[o]ne line of cases applies a strict reading of the Rule, while a second line of cases emphasizes the goal of promoting full pre-trial disclosure of expert information"). This Court agrees with the rationale of the cases that require employee-experts to comply with the Rule 26(a)(2)(B) requirements because exempting them from these requirements "would create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information." *Day v. Consol. Rail Corp.*, 1996 WL 257654, at *2 (S.D. N.Y. May 15, 1996); *see also Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004); *Minn. Mining & Mfg. Co. v. Signtech, USA, Ltd.*, 177 F.R.D. 459, 460-61 (D. Minn. 1998). Because Mr. Laube submitted an expert report instead of merely being disclosed to Plaintiffs, this case is analogous to *Dyson Technology Limited v. Maytag Corp.*, 241 F.R.D. 247 (D. Del. 2007). In *Dyson*, the court noted:

> Maytag contends that the submission of the report subjects Widdowson [(the employee-expert)] to the same disclosure requirements applicable to all expert witnesses under rule 26(a)(2)(B). The court agrees. It seems as though Dyson is attempting to "have its cake and eat it too." Put another way, Dyson has designated Widdowson as an expert and submitted an expert report on his behalf, presumably because it wants to call him as an expert at trial, but does not want Maytag to have access to all of the information Widdowson used to formulate his opinions. What Dyson is trying to accomplish is not in accord with Rule 26, which exists to avoid expert disclosure that is sketchy and vague, so that litigants can be prepared for trial.

*Id.* at 250. The Court finds this analysis persuasive,[2] and concludes that, even with respect to Kim Laube & Co., Inc., the Rule 26(a)(2)(B) disclosure requirements apply and Defendants must disclose the data or other information that Mr. Laube considered in forming his expert opinion. Thus, the Court will grant the Motion.

### III.    MOTION TO STRIKE [doc. #121]

Plaintiffs filed this pending Motion to Strike, seeking to strike Prior Art Reference Numbers 111-120 from Defendants' Prior Art for Preliminary Invalidity Contentions supplement. These references were first disclosed in July 2009, but the Parties were required by this Court's Case Management Order to identify all prior art references by March 9, 2009. While the Court agrees with Plaintiffs that this late filing violates the Federal Rules of Civil Procedure and the deadlines set forth in the Case Management Order, Plaintiffs have not persuaded the Court that they will suffer sufficient prejudice if the references are not stricken. As a result, the Court will deny the Motion, and allow the references to be included as part of Defendants' case.

---

[2]In their Response to Plaintiffs' Motion to Compel Production of Privileged Documents [doc. #127], and in their related oral arguments, Defendants asserted that *Dyson* is no longer good law. They state that "the District of Delaware has criticized its own decision in *Dyson*, noting that its 'initial conclusion' that a party must produce all documents and information disclosed to a testifying expert was 'incorrect.'" (Defs.' Response, doc. #127, p.10) (quoting *In re Teleglobe Commc'ns Corp. v. BCE Inc.*, 392 B.R. 561, 576 (Bankr. D. Del. 2008). This Court does not agree with Defendants' analysis and characterization of the *Teleglobe* opinion. First, the Court points out that two different courts issued the two opinions: one was issued by the United States *District Court* for the District of Delaware, while the other was issued by the United States *Bankruptcy Court* for the District of Delaware. Thus, any criticism that the latter court has of the former court cannot properly be considered criticism of "its own decision." Second, and more importantly, the *Teleglobe* court's discussion of the *Dyson* decision focuses on whether a testifying expert has to produce core attorney work product, not on whether the Rule 26(a)(2)(B) disclosure requirements apply to employee-experts.

## IV.   MOTION TO COMPEL [doc. #129]

In this Motion to Compel, Plaintiffs seek an Order compelling production of all materials and communications regarding legal opinions provided to third parties concerning the '540 Patent, and other patents in this patent family ("the Porter Patents").  Defendants produced two opinion letters that were sent to third parties, and Plaintiffs now seek the production of all legal opinions, including drafts, regarding the Porter Patents, in addition to all documents, materials, and communications regarding the subject matter of the opinion letters.  Plaintiffs argue that, to the extent any of these documents are privileged, Defendants waived that privilege by disclosing the opinion letters to third parties.  However, Defendants assert that these opinion letters were created to convey select opinions to third parties, and were not attorney-client communications; thus, they argue that because no privileged communication has been disclosed, there is no basis for any claim of waiver.

If these opinion letters were originally drafted as an opinion letter to Defendants, and subsequently converted into a letter for third parties, any attorney-client privilege would be waived and Defendants must disclose the materials sought by Plaintiffs.  Based exclusively on the evidence presented in the Parties' briefs and at the September 30, 2009 hearing, the Court is unable to conclude that the opinion letters at issue were, in fact, originally drafted as an opinion letter to Defendants.  However, the Court will give Plaintiffs the opportunity to set forth additional evidence supporting their argument, if any.  Upon further proof by Plaintiffs that the opinion letters originated as a letter to Defendants that was converted, the original letter must be disclosed, along with attorney-client communications.  Plaintiffs' supplemental brief, if any, must

6

be submitted no later than October 22, 2009. Defendants may then submit a responsive brief no later than October 29, 2009.

V.      **MOTION TO STRIKE** [doc. #134]

Plaintiffs filed this Motion to Strike, seeking an Order from the Court striking Defendants' Supplemental Declaration of Kim Laube Regarding Invalidity, due to untimeliness. Defendants served Mr. Laube's Supplemental Declaration on August 4, 2009, well after the July 2, 2009 deadline set by this Court for expert disclosures on issues for which a party carries the burden of proof. Defendants argue that the deadline does not apply to Mr. Laube because he is not a retained expert in this matter. They also argue that Mr. Laube's declaration was a rebuttal to the July 30, 2009 report of FURminator expert David Judson, and was therefore timely because the deadline for such rebuttal reports was August 14, 2009.

The Court rejects Defendants' arguments, and finds that Mr. Laube's employee status does not excuse the late service of his Supplemental Declaration. As noted in a preceding section, Mr. Laube's status as an employee of Kim Laube & Co., Inc. does not give Defendants the right to withhold otherwise discoverable evidence. Mr. Laube's report is clearly an expert report on an issue for which Defendants carry the burden of proof, and therefore, it should have been submitted by July 2, 2009. Additionally, the Court finds that Mr. Laube's Supplemental Declaration was not a rebuttal to Mr. Judson's expert report. In addition to being called a "Supplemental Declaration" as opposed to a "Rebuttal Declaration," the content of Mr. Laube's Supplemental Declaration did not rebut any of Mr. Judson's opinions or evidence. Moreover, Defendants served a true Rebuttal Declaration of Kim Laube on August 12, 2009. There was no reason why this Supplemental Declaration could not have been served on Plaintiffs before the July

2, 2009 deadline. The Court will therefore strike the Supplemental Declaration of Kim Laube Regarding Invalidity, for failure to comply with the Rules and applicable deadlines.

**VI.  MOTION TO AMEND** [doc. #166]

Finally, Plaintiffs seek to amend the Case Management Order in this case, to allow them to take an additional 18 depositions, for a total of 38 depositions. Plaintiffs also seek leave to take additional deposition testimony from five experts, which would not be counted as additional depositions within the deposition limits ordered by this Court. Defendants oppose this Motion.

In addition to the 20 depositions currently permitted under the Case Management Order,[3] the Court will allow Plaintiffs to depose: Jerry Been, Deborah Walker, Richard Sporing, Barbara Bird, Bill Reinhardt, Sam Kohl, Steven Dunn, Mark Tebbe, Cynthia Neiman, Jacqueline Laube, and Tennille Laube-Shaw. The Court will also permit Plaintiffs to take additional depositions testimony from Defendants' experts. This Court previously issued an Order [doc. #175] that allowed Plaintiffs one additional day to depose expert witness Kim Laube, and one additional day to depose expert witness Pamela Lauritzen. In addition to these depositions, the Court will allow Plaintiffs to take additional deposition testimony from experts Robert Schick, Ed Renner, and Christopher Ramsay. Plaintiffs are permitted one additional day to depose each of these three experts. At this time, Plaintiffs will not be granted permission to conduct the seven depositions of unidentified witnesses requested by Plaintiffs.

---

[3]According to their Memorandum in Support of its Motion to Amend the Case Management Order with Respect to Additional Depositions [doc. #168], Plaintiffs have allocated their twenty depositions as follows: two were the Rule 30(b)(6) depositions of Defendants Munchkin and Laube, six were depositions of Defendants' experts, and twelve depositions remain and have been noticed. The twelve remaining depositions are of: Expert Shawn Fox, Michele Greaves, Theone Andrew, Liston Pratt, Jeff Andrews, Janice Irving, Robin Somerhalder, Edna Goodwin, John Knoble, Stan Schneider, Amy Osete, and Donna McAneney.

Accordingly,

**IT IS HEREBY ORDERED** that the Consent Motion to Substitute Party and Realign the Parties [doc. #102] is **GRANTED**. Plaintiff PorterVision, Inc. is **DISMISSED** from this case, **without prejudice**.

**IT IS FURTHER ORDERED** that FURminator's Motion to Compel Production from Expert Witness Kim Laube [doc. #115] is **GRANTED**.

**IT IS FURTHER ORDERED** that FURminator's Motion to Strike Newly Added References from Defendants' Prior Art for Preliminary Invalidity Contentions [doc. #121] is **DENIED**.

**IT IS FURTHER ORDERED** that FURminator's Motion to Compel Production Regarding Legal Opinions [doc. #129] is **HELD IN ABEYANCE**. Plaintiffs may submit a supplemental brief regarding the origin of the opinion letters no later than **October 22, 2009**. Defendants may then submit a responsive brief no later than **October 29, 2009**.

**IT IS FURTHER ORDERED** that FURminator's Motion to Strike the Supplemental Declaration of Kim Laube Regarding Invalidity [doc. #134] is **GRANTED**.

**IT IS FURTHER ORDERED** that FURminator's Motion to Amend the Case Management Order with Respect to Additional Depositions [doc. #166] is **GRANTED, in part**, and **DENIED, in part**.

Dated this 8th Day of October, 2009.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE