UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FURMINATOR, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CV00367 ERW |
| MUNCHKIN, INC., and | ) | |
| KIM LAUBE & CO., INC., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Production Regarding Legal Opinions [doc. #129]; Defendants' Motion in Limine to Exclude Testimony of Clyde Smith and Related Evidence [doc. #202]; Defendants' Motion to Compel Production of Patent Validity Analysis from Plaintiff and Non-Party HKW [doc. #205]; Plaintiff's Motion to Compel Production of Documents [doc. #207]; Plaintiff's Motion to Strike and Objections to the Testimony and Declaration of Liston Pratt, Exhibit F to the July 2, 2009 Declaration of Kim Laube [doc. #243]; Plaintiff's Motion and Memorandum for Sanctions Based on Defendants' Filing of False Declarations Under Penalty of Perjury, Fabricating Evidence, and Engaging in Litigation Misconduct [doc. #239]; Motion and Memorandum in Support of Plaintiff's Request for Sanctions Under Federal Rule of Civil Procedure 37(b)(2) [doc. #241]; and Counterclaim Plaintiffs' (Defendants') Motion to Dismiss Counts XI and XII of the First Amended Complaint Without Prejudice [doc. #88]. The Court held a hearing on these pending Motions on November

24, 2009. Counsel for Plaintiff and counsel for Defendants were present, and oral arguments were heard.[1]

## I. PLAINTIFF'S MOTION TO COMPEL [doc. #129]

In this Motion, Plaintiff seeks an Order from the Court, compelling the production of all materials and communications regarding legal opinions provided to third parties concerning the '540 Patent and other patents in the same family ("the Porter Patents"). Defendants produced two letters that were sent to third parties, and Plaintiff now seeks the production of all legal opinions, including drafts, regarding the Porter Patents, in addition to all documents, materials and communications regarding the subject matter of the letters. This Motion was addressed at the September 30, 2009 hearing in this case, and the Court subsequently issued an Order, noting that if the letters at issue were originally drafted as an opinion letter to Defendant Munchkin, and were subsequently converted into invalidity letters for third parties, any attorney-client privilege would be waived, and Defendants would have to disclose the materials Plaintiff seeks. However, based exclusively on the evidence presented in the Parties' briefs, and at the September 30, 2009 hearing, the Court was unable to make a conclusion regarding the letters' origin. As a result, the Court granted supplemental briefing on the matter. The supplemental briefs submitted by both Parties are now before the Court, in addition to the original Motion.

The Court finds that it is necessary to conduct an *in camera* review, in order to compare the invalidity letters sent to third parties with the opinion letter drafted for Defendant Munchkin.

---

[1] The Court is aware of the rapidly approaching deadline for filing dispositive motions in this case, and made an effort to rule on the pending Motions for the benefit of the Parties. Although the Court was not able to rule on all of the pending Motions at this time, it will make every effort to do so expeditiously.

Accordingly, the Court will require Defendants to provide the Court with a copy of the opinion letter drafted by Attorney John Knoble for Defendant Munchkin, no later than Monday, November 30, 2009. The Court will hold Plaintiff's Motion in abeyance until the *in camera* review is complete.

## II. DEFENDANTS' MOTION IN LIMINE [doc. #202]

In this Motion, Defendants seek an Order excluding any testimony or evidence from Plaintiff's patent counsel, Clyde Smith, concerning any issues related to the prosecution of the Porter Patents. Defendants argue that this evidence should be excluded because the prosecution history of the Porter Patents is evidence that Plaintiff will likely rely on at trial, but Mr. Smith refused to answer related questions during his deposition. Plaintiff argues that the questions asked to Mr. Smith sought privileged information and expert opinions, and were therefore improper and out of bounds. The Court agrees with Plaintiff, and will therefore deny Defendants' Motion.

## III. DEFENDANTS' MOTION TO COMPEL [doc. #205]

In this Motion, Defendants request that the Court issue an Order requiring Plaintiff to withdraw its privilege objections and produce documents in the possession of Plaintiff and non-party Hammond, Kennedy, Whitney & Company, Inc. ("HKW"), related to the patent validity analysis of the Porter Patents. The Court finds it necessary to further examine the merits of this Motion, and will issue a related Order subsequently.

## IV. PLAINTIFF'S MOTION TO COMPEL [doc. #207]

In this Motion to Compel, Plaintiff requests that the Court require Defendants to produce documents related to any patent applications pertaining to the accused products, Kim Laube &

Co.'s prior litigation against Wahl Clipper Corporation, and Kim Laube & Co.'s tax documentation. At the November 25, 2009 hearing, the Parties informed the Court that they have reached some accord with respect to the issues presented by this Motion. In response to the Parties' request for some additional time to ensure that all issues are resolved, the Court will briefly hold the pending Motion in abeyance. If the Parties have not requested further relief from this Court by 5:00 p.m. on Monday, November 30, 2009, the Court will deny the pending Motion, as moot.

## V.    PLAINTIFF'S MOTION TO STRIKE [doc. #243]

Plaintiff filed this Motion to Strike, requesting that the Court strike the Declaration of Liston Pratt, and order that Mr. Pratt's Declaration and testimony be given no consideration. Plaintiff's request is based on its argument that Mr. Pratt did not review the picture attached as Exhibit 1 to his Declaration prior to executing it, he cannot authenticate the picture, and the statements in his Declaration refer to and rely on the picture. Defendants argue that the Motion should be denied because Mr. Pratt's statements were made in error, and he has not yet had an opportunity to file an Errata Sheet. The Court finds it necessary to further examine the merits of this Motion, and will issue a related Order subsequently.

## VI.    PLAINTIFF'S MOTION FOR SANCTIONS [doc. #239]

Plaintiff filed this Motion, seeking sanctions against Defendants for what Plaintiff calls a pattern of litigation misconduct. Specifically, Plaintiff asserts that Defendants fabricated a tool and then represented to Plaintiff and to this Court that it was a commercially available prior art tool that rendered the claims of the '540 Patent invalid. The Court finds it necessary to further examine the merits of this Motion, and will issue a related Order subsequently.

## VII. PLAINTIFF'S MOTION FOR SANCTIONS [doc. #241]

In this Motion for Sanctions, Plaintiff argues that Defendants failed to comply with this Court's October 8, 2009 Order, requiring Defendants to produce all materials considered by expert witness Kim Laube. Again, the Court finds it necessary to further examine the merits of this Motion, and will issue a related Order subsequently.

## VIII. DEFENDANTS' VOLUNTARY MOTION TO DISMISS [doc. #88]

Finally, Defendants (Counterclaim Plaintiffs) filed this Motion, seeking to voluntarily dismiss Counts XI and XII of their First Amended Complaint, without prejudice. These Counts state claims for violations of the antitrust laws of the United States. Plaintiff opposes Defendants' Motion, arguing that the Counts should be dismissed with prejudice, or Defendants should be required to execute a covenant not to sue.

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The decision of whether a plaintiff should be allowed to voluntarily dismiss his or her case "rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). However, there are four basic factors the 8th Circuit uses to determine if voluntary dismissal should be granted. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3)

insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

*Id.* The Court also considers whether the dismissal would "result in a waste of judicial time and effort." *Hamm*, 187 F.3d at 950. In addition, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Id.*

As provided by Federal Rule of Civil Procedure 41(a)(2), a court's decision to allow voluntary dismissal "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion deems necessary to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).

> In granting a motion for voluntary dismissal, district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit. In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled.

*Belle-Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n*, 56 F.3d 977, 978-79 (8th Cir. 1995) (internal citations omitted); *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. Supp. 2009). The general purpose of conditioning a voluntary dismissal on payment of costs and fees is: "to fully compensate the defendant for reasonable expenses incurred before dismissal and to deter vexatious litigation." *EMPO Corp. v. J.D. Benefits, Inc.*, 2003 WL 21517360, at *4 (D. Minn. June 26, 2003).

### B. DISCUSSION

The Court must first determine if it is proper to allow Defendants (Counterclaim Plaintiffs) to voluntarily dismiss Counts XI and XII of their First Amended Complaint in this case.

Considering the four factors set forth by the Eighth Circuit in *Paulucci*, this Court concludes that voluntary dismissal is appropriate. Plaintiff has demonstrated that it has spent time and money under the assumption that these two Counts were being actively asserted against them. While the Court does not diminish Plaintiff's efforts in defending against the allegations of antitrust violations made by Defendants, any prejudice that Plaintiff would suffer due to a dismissal without prejudice can be adequately addressed by imposing terms on the Court's grant of dismissal. *See Heitert v. Mentor Corp.*, 2007 WL 4051644, at *2 (E.D. Mo. Nov. 15, 2007). Additionally, while there is some evidence of delay on the part of Defendants, the Court cannot conclude that such delay was excessive. Moreover, Defendants have offered a sufficient explanation of the need to take a dismissal, and there are no motions for summary judgment pending in this case at this time. Thus, the *Paulucci* factors suggest that this Court should grant Defendants' Voluntary Motion to Dismiss Counts XI and XII, albeit with some conditions.

Due to the extensive litigation history between the Parties, the Court finds it necessary to place some conditions on its voluntary dismissal of Counts XI and XII without prejudice. Specifically, in the event that Defendants refile these claims against Plaintiff in this or any other court, they will be required to reimburse the fees and costs incurred by Plaintiff in defending against the allegations contained in these Counts. Plaintiff will, however, only be reimbursed for "expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim." *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *see also Metro. Fed. Bank of Iowa , F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366 (3d ed. Supp. 2009). This Court will hold a hearing on a later determined date, to determine the precise amount of fees and

7

costs that Defendants will be required to pay to Plaintiff, if Defendants refile the claims asserted in Counts XI and XII.  Prior to the hearing, Plaintiff will be required to submit a claim for those fees and costs it believes should be reimbursed under the parameters of this Court's Order.  Defendants will be allowed to file a response.

Defendants (Counterclaim Plaintiffs) do have the option of rejecting the terms of this Court's conditional grant of the pending Voluntary Motion to Dismiss.  "'Under . . . [R]ule [41(a)(2)], a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits.'"  *Am. Equity Mortgage, Inc. v. Vinson*, 2007 WL 1862987, at *2 (E.D. Mo. June 28, 2007) (quoting *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 367-68 (D.C. Cir. 1981)) (first and third alterations in original).  Should Defendants elect to withdraw their Voluntary Motion to Dismiss Counts XI and XII in lieu of accepting the conditions imposed by the Court, it must notify this Court no later than Monday, November 30, 2009, of its intent to proceed with the case on the merits.  If the Court does not receive such notice, the Court will grant the Voluntary Motion to Dismiss, and Counts XI and XII of Defendants' First Amended Complaint will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production Regarding Legal Opinions [doc. #129] is **HELD IN ABEYANCE**. Defendants shall provide the Court with the opinion letter drafted by Attorney John Knoble for Defendant Munchkin, Inc., no later than **Monday, November 30, 2009**, for the purpose of conducting an *in camera* review.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Testimony of Clyde Smith and Related Evidence [doc. #202] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Production of Patent Validity Analysis from Plaintiff and Non-Party HKW [doc. #205] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents [doc. #207] is **HELD IN ABEYANCE**. The Parties have until **5:00 p.m.** on **Monday, November 30, 2009** to ask for additional relief.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Objections to the Testimony and Declaration of Liston Pratt, Exhibit F to the July 2, 2009 Declaration of Kim Laube [doc. #243] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Sanctions Based on Defendants' Filing of False Declarations Under Penalty of Perjury, Fabricating Evidence, and Engaging in Litigation Misconduct [doc. #239] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Motion and Memorandum in Support of Plaintiff's Request for Sanctions Under Federal Rule of Civil Procedure 37(b)(2) [doc. #241] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that Counterclaim Plaintiffs' (Defendants') Motion to Dismiss Counts XI and XII of the First Amended Complaint Without Prejudice [doc. #88] is **HELD IN ABEYANCE**. Defendants can withdraw their Voluntary Motion to Dismiss through **Monday, November 30, 2009**. If Defendants do not withdraw this Motion, the Court will conditionally grant the Motion, and dismiss Counts XI and XII without prejudice.

Dated this 25th Day of November, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE