UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FURMINATOR, INC.,                              )
                                               )
              Plaintiff,                       )
                                               )
       vs.                                     )        Case No. 4:08CV00367 ERW
                                               )
KIM LAUBE & CO., INC.,                         )
                                               )
              Defendant.                       )

**MEMORANDUM AND ORDER**

       This matter comes before the Court on Plaintiff's Motion to Compel Production

Regarding Legal Opinions [doc. #129]; Defendants' Motion to Compel Production of Patent

Validity Analysis from Plaintiff and Non-Party HKW [doc. #205]; Plaintiff's Motion to Compel

Production of Documents [doc. #207]; Plaintiff's Motion to Strike and Objections to the

Testimony and Declaration of Liston Pratt, Exhibit F to the July 2, 2009 Declaration of Kim

Laube [doc. #243]; Plaintiff's Motion and Memorandum for Sanctions Based on Defendants'

Filing of False Declarations Under Penalty of Perjury, Fabricating Evidence, and Engaging in

Litigation Misconduct [doc. #239]; Motion and Memorandum in Support of Plaintiff's Request

for Sanctions Under Federal Rule of Civil Procedure 37(b)(2) [doc. #241]; and Counterclaim

Plaintiffs' (Defendants') Motion to Dismiss Counts XI and XII of the First Amended Complaint

Without Prejudice [doc. #88].

       The Court held a hearing on these and other pending Motions on November 24, 2009, and

heard oral arguments from Plaintiff and Defendants.  The Court subsequently issued an Order on

November 25, 2009 that required the Parties to take further action with respect to several of the

Motions, and that held several Motions in abeyance in order to give the Court an opportunity to further examine the merits of those Motions. Since this November 25, 2009 Order was issued, Plaintiff FURminator, Inc. and Defendant Munchkin, Inc. filed a Consent Motion for Entry of Judgment as to Munchkin, Inc. [doc. #304], which this Court granted on December 7, 2009 [doc. #310]. With Munchkin, Inc. no longer involved in this case, the only remaining parties in this case are Plaintiff FURminator, Inc. ("Plaintiff") and Defendant Kim Laube & Co., Inc. ("Defendant").

## I.    PLAINTIFF'S MOTION TO COMPEL [doc. #129]

In the Court's November 25, 2009 Order, then-Defendant Munchkin, Inc. was ordered to provide the Court with a copy of the opinion letter drafted by Attorney John Knoble for Munchkin, Inc. for an *in camera* review. The Court had not conducted the *in camera* review when it was notified that Plaintiff and Munchkin, Inc. had submitted a Consent Motion for Entry of Judgment as to Munchkin, Inc. As noted above, the Court granted this Motion on December 7, 2009. Because Munchkin, Inc. is no longer a party to this lawsuit, the Court will deny Plaintiff's Motion to Compel, as moot. The Court will destroy the documents that Munchkin, Inc. submitted for *in camera* review, unless Munchkin, Inc. notifies this Court by December 31, 2009, that it intends to retrieve the documents from the Court.

## II.    DEFENDANTS' MOTION TO COMPEL [doc. #205]

In this Motion, Defendant seeks an Order requiring Plaintiff to withdraw its privilege objections and produce documents in the possession of Plaintiff and non-party Hammond, Kennedy, Whitney & Company, Inc. ("HKW"), related to the patent validity analysis of the '540 Patent and other patents in the same patent family ("the Porter Patents"). Defendant argues that Plaintiff and HKW voluntarily waived any attorney-client privilege and work product protections

by disclosing privileged information to third-party potential investors and by instructing their attorneys to conduct telephone conversations with third-party potential investors for the purpose of disclosing the attorneys' opinions regarding the validity of the Porter Patents. Specifically, Defendant points to three alleged disclosures: conversations between Plaintiff's attorneys and HKW's attorneys while on opposite sides of a business transaction; PowerPoint slide included in presentation to third-parties; and telephone calls by Plaintiff's and HKW's attorneys to third parties, regarding patent validity.

Defendant has failed to set forth sufficient evidence to convince this Court that Plaintiff and HKW actually intentionally disclosed privileged information. The PowerPoint slide produced by Defendant contained only a general summary of the legal opinions regarding the validity of the Porter Patents. Several courts have determined that disclosing a general summary of a legal opinion does not amount to waiver of privilege. *See, e.g.*, *Chase v. City of Portsmouth*, 236 F.R.D. 263, 269 (E.D. Va. 2006); *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 34, 37 (D. D.C. 2005). Thus, the general summary included on the PowerPoint slide that was shared with third parties did not result in the waiver of privilege. Additionally, the other evidence Defendant cites to support its waiver argument is speculative, at best. Defendant states that "based on the testimony provided by HKW's representatives [Plaintiff]'s patent counsel *may have* participated in telephone conversations either with HKW or HKW's patent counsel." (Memo. in Support of Mtn. to Compel, doc. #210, p.10) (emphasis added). Defendant does not set forth any persuasive evidence that these alleged telephone conferences actually took place. Defendant also speculates that information was shared with third parties, but fails to offer persuasive evidence that it was

shared.  Rather, Defendant merely cites to an email that generally discusses Plaintiff's intellectual property, but that does not specifically discuss the validity of any of Plaintiff's patents.

Accordingly, Defendant has not set forth sufficient evidence to convince this Court that Plaintiff and HKW have waived the applicable attorney-client privilege or their work product protection.  This Motion will be denied.

## III.    PLAINTIFF'S MOTION TO COMPEL [doc. #207]

At the November 24, 2009 hearing, the Parties informed the Court that they had reached some accord with respect to the issues presented by this Motion.  The Parties requested additional time to ensure that all issues were resolved, and the Court gave them until Monday, November 30, 2009 to request further relief.  No further relief was requested by either Plaintiff or Defendant.  Thus, the Court will deny this Motion, as moot.

## IV.    PLAINTIFF'S MOTION TO STRIKE [doc. #243]

Plaintiff requests that the Court strike the Declaration of Liston Pratt and order that the declaration and any testimony of Mr. Pratt be given no consideration because:  Mr. Pratt did not review the picture attached as Exhibit 1 to his Declaration prior to executing it, he cannot authenticate the picture, and the statements in his Declaration refer to and rely on the picture.

In its Response, Defendant included a sworn statement from attorney Robyn Ast and a sworn statement from Mr. Pratt, both of which attest to the fact that the picture was attached to the same electronic message to which the proposed Declaration was attached.  Mr. Pratt also stated in his sworn statement that he reviewed both the proposed Declaration and the photograph before signing the Declaration.  Because Ms. Ast's sworn statement and Mr. Pratt's sworn statement were both made under penalty of perjury, the Court is persuaded that Mr. Pratt did

4

review the picture before signing the Declaration.  Accordingly, Plaintiff's Motion to Strike the Declaration of Liston Pratt will be denied.

## V.     PLAINTIFF'S MOTION FOR SANCTIONS [doc. #239]

Plaintiff initially filed this Motion for Sanctions against Defendant Kim Laube & Co., Inc. and then-Defendant Munchkin, Inc.  The Motion is based on what Plaintiff calls a pattern of litigation misconduct; specifically, Plaintiff alleges that Kim Laube fabricated a tool and then represented to Plaintiff and to this Court that the tool was a commercially available prior art tool that rendered the claims of the '540 Patent invalid.  On December 4, 2009, Plaintiff filed a Motion to Withdraw its Motions for Sanctions as to Defendant Munchkin, Inc., but not as to Defendant Kim Laube & Co., Inc. [doc. #303].  The Court granted this Motion to Withdraw on December 7, 2009.  Thus, in its current state, Plaintiff's Motion for Sanctions only seeks sanctions against Defendant Kim Laube & Co., Inc.  Specifically, Plaintiff requests that the Court: "(1) strike the testimony of Kim Laube, (2) exclude all documents and tools Laube has relied on, (3) exclude all other expert testimony that relies on Laube's testimony, documents, and/or tools, and (4) prevent Defendant[] from otherwise relying on any of those materials in any way in this matter."  (Pl.'s Mtn., doc. #239, p.4).  Plaintiff also suggests that this is a case which warrants severe penalties, specifically striking Defendant's claims and defenses.

Plaintiff seeks sanctions under the Court's inherent power to sanction litigation abuses. "It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)) (alteration in original).

"These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). A district court has broad discretion in ordering sanctions, and even severe sanctions, such as the outright dismissal of a lawsuit, have been upheld on appeal. *See id.* at 44-45.

The Court finds that sanctions are appropriate in this case. The evidence presented by Plaintiff shows that Kim Laube fabricated a fake pet grooming tool in July 2009, and falsely identified it both as the "commercial embodiment" of U.S. Patent No. 5,339,840 ("the Koppel patent"), and as "prior art" to the '540 Patent.[1] Defendant also presented Plaintiff with photographs of the fake tool, and provided Plaintiff with a video and photographs of the testing of the fake tool, in what appears to have been an effort to deceive Plaintiff and this Court into believing that the fake tool existed before the effective date of the '540 Patent. In fact, the fake tool created by Mr. Laube did not even accurately depict the product created under the protection of the Koppel Patent; that product was a flea comb that did not have a blade. Moreover, it is not possible to conclude that these statements and representations were made in error because the evidence suggests that Defendant attempted to avoid answering questions about the fabricated evidence and did nothing to correct the obviously false statements.

---

[1]Evidence of Mr. Laube's assertion that the fake tool is a commercial embodiment of the Koppel Patent and that the fake tool is prior art to the '540 Patent can be seen in the Rebuttal Declaration of Kim Laube (doc. #239-2), and in the Supplemental Declaration of Kim Laube Regarding Invalidity (doc. #239-9). The assertions were also furthered through the production of various photographs and exhibits, i.e., photographs of the fake tool in Mr. Laube's display cabinet, and an exhibit with a picture of the fake tool and a FURminator tool, photoshopped to include the year "1994" on the fake tool and "2008" on the FURminator tool.

Defendant argues that sanctions are inappropriate because Plaintiff's Motion is merely an attack on the validity of Mr. Laube's expert report, and thus should be dealt with under Federal Rule of Civil Procedure 26(a)(2) and 37, or through a *Daubert* motion. This Court disagrees. The problem is not merely one invalid expert report, rather, there has been a pattern and practice of misrepresentations and misconduct in this case. As set forth in detail in Plaintiff's Motion, there is evidence that Mr. Laube fabricated or modified another pet grooming tool and that Defendant belatedly disclosed the tool to Plaintiff. There is also evidence that Mr. Laube gave prior conflicting testimony. Mr. Laube is not a credible witness. The veracity and reliability of a witness's testimony is always important, but it is especially important in this case, considering that Mr. Laube is both the president of the Defendant company, and a designated expert witness for Defendant.

The Court finds that Defendant, and specifically Mr. Laube, acted in bad faith and committed a fraud on this Court. Thus, the Court finds that sanctions should be imposed under the Court's inherent power. Courts have imposed severe sanctions, such as dismissal of an action with prejudice, in cases involving "egregious misconduct by a party - whether it be in the form of flagrant disregard of discovery orders, or destruction of relevant evidence, or, as here, fraudulent fabrication of documents and perjury." *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 1010-14 (N.D. Ill. 2005). The sanctions specifically sought by Plaintiff are severe. However, it is Plaintiff's suggestion that the Court should strike Defendant's claims and defenses that would impose the most severe penalty. This Court believes that the less severe sanction suggested by Plaintiff is sufficient to deter similar misconduct and abuse of the judicial process from occurring

in the future.  This sanction is proportional to the prejudice caused to Plaintiff and to this Court as a result of Mr. Laube's pattern of reprehensible behavior.

Accordingly, the Court imposes sanctions on Defendant as follows:

1)      All testimony of Mr. Kim Laube, given as an expert or layperson, is stricken.

2)      All documents and tools that Mr. Laube has relied on are excluded.

3)      All other expert testimony that relies on Mr. Laube's testimony, documents, or tools is excluded.

4)      Defendant is prevented from otherwise relying on any of the above listed materials in any way in this matter.

## VI.    PLAINTIFF'S MOTION FOR SANCTIONS [doc. #241]

Plaintiff also filed this second Motion for Sanctions, alleging that Defendant failed to comply with the Court's October 8, 2009 Order, requiring Defendant to produce all materials considered by expert witness Kim Laube.  The sanctions sought by Plaintiff in this second Motion for Sanctions are identical to the sanctions sought in the previous Motion for Sanctions, which this Court granted in full.  Because the relief sought by Plaintiff through this Motion for Sanctions has already been granted, the Court will deny the Motion, as moot.

## VII.   DEFENDANTS' VOLUNTARY MOTION TO DISMISS [doc. #88]

In the Court's November 25, 2009 Order, the Court determined that Defendants' Voluntary Motion to Dismiss Counts XI and XII of their First Amended Complaint would be granted conditionally, unless Defendants opted to withdraw their Voluntary Motion by November 30, 2009.  Defendants did not withdraw their Voluntary Motion by that date (and Munchkin, Inc. subsequently settled with Plaintiff and was removed from the case), so it is now appropriate to

8

grant the Voluntary Motion, with some conditions. Specifically, in the event that Defendant Kim Laube & Co., Inc. refiles this case in this or any other court, it will be required to reimburse the fees and costs incurred by Plaintiff in defending this cause of action. The precise amount of fees and costs to be reimbursed will be determined by this Court in an Order to follow.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production Regarding Legal Opinions [doc. #129] is **DENIED, as moot**. The documents submitted for *in camera* review will be destroyed, unless the Court is notified before **December 31, 2009**, that Munchkin, Inc. intends to retrieve the documents.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel Production of Patent Validity Analysis from Plaintiff and Non-Party HKW [doc. #205] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Production of Documents [doc. #207] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Objections to the Testimony and Declaration of Liston Pratt, Exhibit F to the July 2, 2009 Declaration of Kim Laube [doc. #243] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion and Memorandum for Sanctions Based on Defendants' Filing of False Declarations Under Penalty of Perjury, Fabricating Evidence, and Engaging in Litigation Misconduct [doc. #239] is **GRANTED**. Sanctions are imposed against Defendant as set forth above.

9

**IT IS FURTHER ORDERED** that Motion and Memorandum in Support of Plaintiff's Request for Sanctions Under Federal Rule of Civil Procedure 37(b)(2) [doc. #241] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Counterclaim Plaintiffs' (Defendants') Motion to Dismiss Counts XI and XII of the First Amended Complaint Without Prejudice [doc. #88] is conditionally **GRANTED**.  Counts XI and XII of Counterclaim Plaintiff (Defendant) Kim Laube & Co., Inc.'s First Amended Complaint are **DISMISSED, without prejudice**.

Dated this 21st Day of December, 2009.



_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE