UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00367 ERW |
| ) | |
| KIM LAUBE & CO., INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Notice of Bankruptcy Order Granting Relief from the Automatic Stay [doc. #390] and Plaintiff's Motion for Contempt of this Court's September 10, 2009 Order Enjoining Laube from Proceeding in California [doc. #392].

**I.  RELIEF FROM STAY**

The Court begins by noting that on August 2, 2010, the Court entered a stay in this case pending the conclusion of bankruptcy proceedings as to Kim Laube & Co, Inc. ("Defendant"). As a result of the stay, various pending motions [docs. #291, 322, 324, 326, 328, 330, 331, 332, 333, 334, 335, 341, 343, 344, 382, 384] were termed, and the Court noted that the motions would be reinstated and ruled, if necessary, at the conclusion of the stay.  On September 20, 2010, FURminator, Inc. ("Plaintiff") filed the Notice of Bankruptcy Order Granting Relief from the Automatic Stay, which included a copy of an order from the United States Bankruptcy Court for the Central District of California, granting a motion filed by Plaintiff for relief from the automatic stay under 11 U.S.C. § 362.  The Court has reviewed the Bankruptcy Court's order

and finds it appropriate to lift the stay that it placed in this case. Because the stay has been lifted, the pending motions that were previously termed can now be reinstated.

**II. MOTION FOR CONTEMPT**

The pending Motion for Contempt filed by Plaintiff is based on an alleged violation of an injunction entered by this Court on September 10, 2009. That injunction provides that Defendant is enjoined from proceeding in a lawsuit it filed against Plaintiff in the United States District Court for the Central District of California ("the 2009 California lawsuit"). Plaintiff argues that Defendant, along with Kim Laube the individual ("Mr. Laube") and Defendant's attorneys, violated the injunction when Mr. Laube filed another lawsuit against Plaintiff in the United States District Court for the Central District of California, on October 1, 2010 ("the 2010 California lawsuit"). There is one single claim for relief requested in the 2010 California lawsuit, and that is for correction of inventorship and assignment of patent rights. Plaintiff argues that this single claim in the 2010 California lawsuit is virtually identical to Count 9 of the enjoined 2009 California lawsuit, which is a claim for declaratory relief for correction of inventorship. Thus, Plaintiff argues that Defendant is attempting to circumvent this Court's injunction by seeking the same relief in a different action, and requests that the Court find Defendant, Mr. Laube, and their attorneys to be in contempt.

**A.   LEGAL STANDARD**

"The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1873). "One of the overarching goals of a court's contempt power

is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) (citing *United States v. United Mine Workers*, 330 U.S. 258, 290 n.56 (1947)). However, "[t]he contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir. 1994).

"The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Chi. Truck Drivers*, 207 F.3d at 504. That burden is met if the party is able to demonstrate: "(1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). "A contempt order must be based on a party's failure to comply with a 'clear and specific' underlying order." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1223 (8th Cir. 2006) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 418 (8th Cir. 2002)). However, "[i]f the acts done are clearly in contravention of the court's decree, the intention is of no consequence. The absence of wilfulness does not relieve an individual from civil contempt." *N.L.R.B. v. Ralph Printing & Lithographing Co.*, 433 F.2d 1058, 1062 (8th Cir. 1970).

### B. DISCUSSION

The Court begins by examining the injunction that Plaintiff alleges Defendant violated in this case. Issued in response to the filing of parallel litigation in California, the injunction provides: "Defendants Munchkin, Inc. and Kim Laube & Co., Inc. are enjoined at this time from proceeding further with their lawsuit against Plaintiffs FURminator, Inc. and PorterVision, Inc.

3

filed in the United States District Court for the Central District of California (Case 2:09-CV-4393-RSWL-SS)." (Order, doc. #165, p.6). Reading the injunction very literally, it only prohibits Defendant from proceeding in the 2009 California lawsuit, and it is silent as to whether related claims may be asserted in a new lawsuit. Of course, from a functional standpoint, it would not be reasonable to find contempt when a party attempts to continue litigating a case in violation of an injunction, and at the same time permit a party to circumvent the injunction by filing an identical claim in a separate lawsuit. Thus, the Court believes that a finding of contempt is appropriate if it is determined that Defendant's filing of the 2010 California lawsuit was tantamount to proceeding on Count 9 of the 2009 California lawsuit in violation of the September 10, 2009 injunction.

There are many similarities between Count 9 of the 2009 California lawsuit and the single claim alleged in the 2010 California lawsuit: both claims seek declaratory relief for correction of inventorship; both claims dispute the inventorship and ownership of the same five patents (United States Patent Nos. 6,782,846; 7,077,076; 7,222,588; 7,334,540; and 7,509,926); both claims seek to resolve the inventorship and ownership dispute; and both claims request that the Court order the transfer of the five patents to Kim Laube & Co., Inc. or Mr. Laube. However, there are also some significant differences. First, the relevant plaintiff in the 2009 California lawsuit is Kim Laube & Co., Inc., while the only plaintiff in the 2010 California lawsuit is Mr. Laube (the individual). Second, the plaintiffs in the 2009 California lawsuit request that the court change the ownership of and assign the patents at issue to Kim Laube & Co., Inc. The plaintiff in the 2010 California lawsuit, in addition to seeking a change of ownership and assignment to Mr. Laube, seeks an order directing the United States Patent and Trademark Office to change the name of the

4

inventor to Mr. Laube.  These differences are very minor, and very technical, however it is clear that the two California lawsuits are not carbon copies of one another.

Plaintiff makes persuasive arguments as to why the single claim in the 2010 California lawsuit is the same as Count 9 of the 2009 California lawsuit.  Specifically, this Court agrees "that the facts alleged in both are the same, and that the requested relief, if granted, has the same effect, i.e., that the court order the owner of the FURminator patents to relinquish ownership of the patents."  (Pl.'s Reply, doc. #396, p.2).  The Court also understands the obvious incentive Defendant has to seek resolution of certain issues in another forum, especially considering the sanctions entered against Mr. Laube by this Court on December 21, 2009.  However, the Court cannot in good conscience conclude that there was a clear violation of the injunction sufficient to warrant a finding of contempt.  *See Imageware, Inc. v. U.S. W. Commc'ns*, 219 F.3d 793, 797 (8th Cir. 2000) ("No one should be held in contempt for violating an ambiguous order . . . .  A contempt should be clear and certain."); *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000) ("The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence.").  While it is a close call, the injunction at issue simply does not reach the conduct of Mr. Laube in filing a lawsuit as an individual against Plaintiff.[1]

---

[1]In briefing and at the hearing, there was much discussion regarding whether this Court has jurisdiction over Mr. Laube as an individual such that the Court could find him in contempt.  Although the Court concludes that it is not appropriate to find Mr. Laube in contempt at this time, the Court believes that it would otherwise have the authority to do so.  As provided by Federal Rule of Civil Procedure 65(d), an injunction is binding on "the parties; the parties' officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with [the persons or entities listed above]."  Mr. Laube's status as (at least) an officer and employee of Defendant Kim Laube & Co., Inc. causes this Court's September 10, 2009 injunction to apply to him as well as the company.  Because the Court has the authority to

While the Court will not find Defendant or Mr. Laube to be in contempt at this time, the Court does believe that they violated the spirit of the injunction. It is clear to the Court that in filing the 2010 California lawsuit, Mr. Laube was attempting to obtain relief on behalf of Defendant Kim Laube & Co., Inc., that the Defendant company was otherwise enjoined from obtaining. Moreover, this is not the first time that Mr. Laube has engaged in questionable behavior; rather, this Court was forced to sanction him in the past due to "a pattern and practice of misrepresentations and misconduct in this case." (Order, doc. #313, p.7). However, based upon the facts presented in this case, and under the law, at this time, Plaintiffs' Motion for Contempt will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the stay entered in this case on August 2, 2010 is lifted, and all motions that were previously termed [docs. #291, 322, 324, 326, 328, 330, 331, 332, 333, 334, 335, 341, 343, 344, 382, 384] are reinstated.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Contempt of this Court's September 10, 2009 Order Enjoining Laube from Proceeding in California [doc. #392] is **DENIED**.

Dated this 28th Day of October, 2010.

                                              E. RICHARD WEBBER
                                              UNITED STATES DISTRICT JUDGE

---

enforce the injunctions it issues, the Court would have the authority to find Mr. Laube in contempt of the injunction. *See In re Y & A Group Sec. Litig.*, 38 F.3d 380, 383 (8th Cir. 1994) (recognizing the rule that "the court which issues an injunction is the only one with authority to enforce it"); *Picon v. Morris*, 933 F.2d 660, 662-63 (8th Cir. 1991) ("When a court issues an injunction, it automatically retains jurisdiction to enforce it.").