UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV00367 ERW |
| ) | |
| KIM LAUBE & CO., INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Extension of Time [doc. #410]. The Court held a telephone hearing on this matter on Friday, February 4, 2011. Arguments from counsel for both Parties were heard.

**I.   Discussion**

In this Court's December 21, 2009 Order [doc. #313], the Court addressed Plaintiff's Motion for Sanctions [doc. #239]. Plaintiff's Motion was based on what Plaintiff called a pattern of litigation misconduct. Plaintiff alleged that Kim Laube fabricated a tool and then represented to Plaintiff and to this Court that the tool was a commercially available prior art tool that rendered the claims of the '540 Patent invalid. In the Motion, Plaintiff sought sanctions against Defendant Kim Laube & Co., Inc. Specifically, Plaintiff requested that the Court: "(1) strike the testimony of Kim Laube, (2) exclude all documents and tools Laube has relied on, (3) exclude all other expert testimony that relies on Laube's testimony, documents, and/or tools, and (4) prevent Defendant[] from otherwise relying on any of those materials in any way in this matter." (Pl.'s

Mtn., doc. #239, p.4). Plaintiff also suggested that this was a case which warranted severe penalties, specifically striking Defendant's claims and defenses.

Defendant argued that sanctions were inappropriate because Plaintiff's Motion was merely an attack on the validity of Mr. Laube's expert report, and thus should have been dealt with under Federal Rule of Civil Procedure 26(a)(2) and 37, or through a *Daubert* motion. This Court disagreed. The problem was not merely one invalid expert report, rather, there had been "a pattern and practice of misrepresentations and misconduct in this case" that forced this Court to sanction Mr. Laube. (Order, doc. #313, p.7).

The evidence presented by Plaintiff showed that Kim Laube fabricated a fake pet grooming tool in July 2009, and falsely identified it both as the "commercial embodiment" of U.S. Patent No. 5,339,840 ("the Koppel patent"), and as "prior art" to the '540 Patent. Defendant also presented Plaintiff with photographs of the fake tool, and provided Plaintiff with a video and photographs of the testing of the fake tool, in what appears to have been an effort to deceive Plaintiff and this Court into believing that the fake tool existed before the effective date of the '540 Patent. In fact, the fake tool created by Mr. Laube did not even accurately depict the product created under the protection of the Koppel Patent; that product was a flea comb that did not have a blade. Moreover, it was not possible to conclude that these statements and representations were made in error because the evidence suggested that Defendant attempted to avoid answering questions about the fabricated evidence and did nothing to correct the obviously false statements.

In the December 21, 2009 Order, this Court found that Mr. Laube himself (not his attorneys) had acted in bad faith and committed a fraud on the Court. The Court also found that Mr. Laube engaged in a series of actions designed to deceive Plaintiff and this Court. Upon considering the misconduct of Mr. Laube in this case and the possible sanctions it could issue, the

Court determined that it was appropriate to strike Mr. Laube's testimony and related evidence. In the December 21, 2009 Order, the Court imposed the following sanctions on Defendant:

> 1) All testimony of Mr. Kim Laube, given as an expert or layperson, is stricken.
>
> 2) All documents and tools that Mr. Laube has relied on are excluded.
>
> 3) All other expert testimony that relies on Mr. Laube's testimony, documents, or tools is excluded.
>
> 4) Defendant is prevented from otherwise relying on any of the above listed materials in any way in this matter.

(Order, doc. #313, p.8).

On December 30, 2010, this Court ordered that Defendant shall supplement its discovery by providing updated sales information no later than January 10, 2011 [doc. #406]. Plaintiff had until January 17, 2011, to file any supplements, and Defendant had until February 7, 2011, to file its supplements. It was further ordered that the Court will hold a hearing on February 22-23, 2011, at 9:00 a.m. to determine damages and injunctive relief.

Defendant states that its previously identified financial expert has withdrawn from any and all further work on this matter. Defendant argues that proceeding without an expert due to the withdrawal of its previously identified expert would serve to severely prejudice Defendant's ability to present its damages defense. Defendant seeks an extension of time to find a substitute financial expert, have that expert approved by the bankruptcy court, and have the expert review the financial and other data he needs to provide a rebuttal report. Defendant seeks an extension of 90 days to all pending deadlines.

Plaintiff opposes this Motion, arguing that it should be denied. In Plaintiff's Memorandum in Opposition to Motion for Extension of Time [doc. #411], Plaintiff argues that

Defendant seeks to delay the final resolution of this action. Plaintiff argues that Defendant's Motion is based, not on the expert's inability to testify, but rather his unwillingness to testify, and therefore the Motion does not set a good cause basis for the Court to reopen discovery to allow Defendant to name a new expert or good cause for postponing the damages hearing scheduled for February 22-23, 2011. Plaintiff argues that reopening discovery and giving Defendant the opportunity to substitute expert witnesses would greatly prejudice Plaintiff by delaying entry of a final judgment and permanent injunction and also by imposing substantial new burdens on Plaintiff.

Mr. Laube has demonstrated a practice of delay by his misbehavior in this case. The Court concludes that Plaintiff will be more substantially prejudiced by granting the Motion for Extension of Time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time [doc. #410] is **DENIED.** The Court will hold a hearing on **February 22-23, 2011**, at 9:00 a.m., to determine damages and injunctive relief.

Dated this 8th Day of February, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE