IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FURMINATOR, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:08-CV-00367-ERW |
| KIM LAUBE & CO., INC. | ) |
| Defendant. | ) |

**STATEMENT TO BE READ AFTER**
**INTRODUCING COUNSEL AND BEFORE VOIR DIRE**

This case is FURminator, Inc. v. Kim Laube & Co., Inc.  I will read a joint stipulation prepared by the parties concerning some brief facts of the case.  This is not intended to be a statement of all facts of the case.  It is made to see if any of you are familiar in any way with the case or the parties.

FURminator, Inc. ("FURminator") brought this suit against Defendant Kim Laube & Co., Inc. ("Laube") alleging infringement of FURminator's U.S. Patent Nos. 7,334,540, a patent directed to a pet grooming tool for removing loose hair from a furry animal like a dog or cat or horse to reduce shedding.  FURminator's U.S. Patent Nos. 7,334,540 is often referred to in this litigation by its last three digits, or "the '540 Patent."  The inventors named in the '540 Patent are David and Angela Porter, who live in St. Louis County.  Mr. and Mrs. Porter invented their pet grooming tool in the basement of their house and filed a patent application on the invention May 30, 2000.  The Porters then formed a business called FURminator in 2002 for the manufacturing, marketing and selling of the pet grooming tool that the Porters invented.  These pet grooming tools are often referred to as deshedding tools.  The United States Patent & Trademark Office has issued five patents to Mr. and Mrs. Porter based on the original patent application filed in 2000.

The Porters have transferred ownership of these patents to FURminator. Hammond, Kennedy, Whitney & Company, Inc, an investment firm based in Indianapolis, Indiana, is the majority shareholder of FURminator. The '540 Patent issued on February 26, 2008.

Defendant Kim Laube & Co., Inc. (or Laube) is a company based in Oxnard, California. Laube has been in the business of manufacturing, marketing and selling electric clippers, and clipper blades for the pet grooming industry for approximately 35 years.

FURminator seeks money damages from Laube for infringing the '540 Patent because of Laube's marketing and selling the Laube iVac Tool, the Laube Lazor Adjustable Blade Rake, and the Laube Quik-Change Tool. The Court has already determined that the Laube iVac Tool, the Laube Lazor Adjustable Blade Rake, and the Laube Quik-Change Tool infringe the '540 Patent. These tools may be referred to in this case as the "Infringing Tools". This Court further found that no claim of the '540 Patent has been proven to be invalid or unenforceable. Because the Court has already decided that Laube infringes the '540 Patent and that the '540 Patent has not been shown to be invalid or unenforceable, the jury in this case will decide the amount of damages to award to FURminator because of Laube's infringement. The jury will also decide whether Laube's infringement was willful.

FURminator submits that the Court should also read the following paragraph, and Laube objects to it being read:

During the course of this case, the Court has found that Laube's President and Chief Executive Officer, Mr. Kim Laube, has continued a pattern and practice of litigation misconduct and has in fact committed a fraud on the Court. Mr. Laube's misconduct includes manufacturing evidence in this case in an attempt to mislead this Court and the plaintiff. You will not be

hearing from Mr. Laube at this trial because I have ordered that he is not allowed to testify. Also, no other witness may rely on any information received from Mr. Laube.

Laube submits that the immediately prior paragraph should not be read to the jury. In the event that the Court determines that it will read that paragraph, Laube submits that the Court should also read the following paragraph, which FURminator objects to:

During related litigation regarding a patent that issued from the same original patent application, David Porter lied to the Court about inventing the word "deshedding" and the sales outlets through which FURminator had sold its tools. Further, the Porters falsely denied that they were aware that stripping knives could be used to perform carding, even though Angela Porter admitted that she knew stripping knives were on sale and were in public use more than a year before the filing date of the Porter patent and despite knowing that when used for deshedding, a stripping knife is used in exactly the same manner as the allegedly infringing device.

FURminator submits that the immediately prior paragraph should not be read to the jury.

| Respectfully submitted, | |
|---|---|
| **Thompson Coburn LLP** | **Law Offices of Kent A. Rowald** |
| By: /s/ Steven E. Garlock<br>Steven E. Garlock<br>David B. Jinkins<br>Matthew A. Braunel<br>One US Bank Plaza<br>St. Louis, MO  63101<br>(314) 552-6000<br>(314) 552-7000 (fax)<br><br>*Attorneys for the Plaintiff FURminator, Inc.* | By: /s/ Kent Rowald<br>Kent A. Rowald<br>990 Village Square Dr., Suite G200<br>Tomball, Texas 77375<br>(281) 516-3844<br>(281) 516-3845 (Fax)<br><br>*Attorney for Defendant Kim Laube & Co., Inc.* |